OCTOBER AND NOVEMBER TERM, 1884, No. 187.   OCTOBER 15, 1884.

## Landis *et ux. v.* Torney.

1. A husband conveyed his real estate in 1859 without his wife joining in the deed, and the grantee took possession thereunder.   The grantor died in 1861, and about two years afterwards his wife married again.   In 1883, she brought an action of dower against the grantee. *Held,* that when her coverture was removed in 1861, the grantee was holding adversely, that her right of action then accrued and the statute of limitations began to run.

2. After the statute has commenced to run, it is not suspended by a subsequent marriage.

3. The act of 22d April, 1856 P. L., 532, relieves her from the operation of the statute during her coverture existing when the conveyance was made, but extends no further.

4. Care *v.* Keller, 27 P. F. Sm., 487, followed.

Before MERCUR, C. J., TRUNKEY, STERRETT, GREEN, and CLARK, JJ.   GORDON and PAXSON, JJ., absent.

Error to the Court of Common Pleas of *Armstrong County.*

Summons in dower by Henry Landis and Caroline V.

[Landis *et ux. v.* Torney.]

Landis, his wife, to the use of said wife, against Patrick Torney.    Plea, Statute of Limitations.

Upon the trial in the court below, before NEALE, P. J., the following facts appeared :

The real plaintiff, Mrs. Caroline V. Landis, was married to Alexander Cunningham on the 8th of January, 1851, and lived with him until January, 1861, at which time he died.    At the time of his marriage, Mr. Cunningham owned in fee a house and lot of land, situate in the borough of Apollo, in the county of Armstrong, bounded and described as follows : All that piece or parcel of land situate in Warren, now the borough of Apollo, marked in the plot of said town as No. 35, and which is sixty-seven feet front on Indiana street, and extending back one hundred and sixty-five feet to an alley.

About two years after her first husband's death, she married Henry Landis, her present husband, and who is one of the plaintiffs.    She married him in the fall of 1862 or spring of 1863.

Alexander Cunningham conveyed the lot involved in this controversy to the defendant, Patrick Torney, by deed dated May 18, 1859, without his wife joining therein.    Torney went into the possession of the premises so conveyed in the life-time of Alexander Cunningham, and has lived on it ever since.    This action was brought by his widow March 31, 1883, to recover the one third part of the land before described or designated.

The Court thereupon charged the jury as follows :

"There is very little for your action in this case.    As it now stands, there is simply a legal question to be determined.    The views of the Court on that question are adverse to those entertained by the counsel for the plaintiff, and we therefore decide against the recovery of the plaintiff.    The question here is determined by a statute in Pennsylvania known as the Statute of Limitations, which bars a recovery in all actions where the right of action had accrued twenty-one years prior to the time of bringing the action.    If there was a legal disability existing at the time, then we say that the Statute of Limitations would not apply, because one under a legal disability during the whole period would not be required under our law to bring the action.    But we hold that where the Statute of Limitations once begins to run, and the disability arises, that is to say, by another marriage of the widow claiming, then she could not set up that disability as a preventative of the statute against her claim.    In this case the right of action accrued to this woman when her first husband died,

[Landis *et ux.* *v.* Torney.]

which was in 1861. On that the statute would run a period of some two or three years when she re-married. That might place her under a disability, but not as to this particular case. She could not by her own act acquire a disability which would prevent the running of the statute. [It is claimed on the part of the plaintiff that she has, under the act of 1856, thirty years within which to bring her suit, and that she would not be barred until the lapse of thirty years after her right to bring the suit had accrued. This we hold does not apply to this case.] [We believe that after the lapse of twenty-one years, the statute in the meantime having commenced to run, it bars her right to recover.] She could not prevent it, as we have stated, by her marriage. [Under this ruling, it becomes the simple duty of the jury to find a verdict in favor of the defendant, which we now instruct you to do.]''

September 19, 1884, verdict for defendant, upon which judgment was subsequently entered.

Plaintiffs then took out a writ of error, and assigned as error those portions of the charge inclosed between brackets.

*Calvin Rayburn* for plaintiffs in error.

The defendant took immediate possession, and from that time held adversely ; but the right of action did not accrue till after the death of the husband. The adverse possession commenced when Mrs. Landis was under the disability of coverture. The act of 22 April, 1856, Purd. Dig., 930, section thirteen, then applies : Pratt *v.* Eby, 17 P. F. Sm., 396. This act of 1856 repeals the act of 26 March, 1785. Hogg *v.* Ashman, 2 Norris 81.

*E. S. Golden* for defendant in error.

Plaintiffs' right of action accrued in January, 1861, and her action was brought upwards of twenty-two years from the time her action accrued. Hence the bar of the statute of limitations was complete, and the case is ruled by Care *v.* Keller, 27 P. F. Sm., 487.

The act of 1856 is a restraining act even as against disabilities, and has no application to the present case.

October 27th, 1884.—Per Curiam: When the coverture of Mrs. Landis, formerly Cunningham, was removed by the death of her husband, in 1861, the defendant in error was holding adversely. He was then in possession under his purchase. Her right of action then accrued, and the

[McGough *et al. v.* Jamison.]

Statute of Limitations began to run. This action was not commenced until the 31st March, 1883. After the statute began to run, it was not suspended by her subsequent marriage. The act of 22d April, 1856, is not applicable. That relieves her from the operation of the statute during her coverture existing when the conveyance was made, but extends no further: Care *v.* Keller, 27 P. F. Smith, 487.

Judgment affirmed.